1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15

MARK DARULIS,

                                    Petitioner,

                    v.

VINCENT J. IARIA,

                                    Respondent.

Civil No.    06cv1139 L (CAB)

**REPORT AND RECOMMENDATION
REGARDING PETITION FOR WRIT OF
HABEAS CORPUS
[Doc. No. 1.]**

16
17
18
19
20
21
22
23
24
25
26

## I.  INTRODUCTION

Mark Darulis, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition")
pursuant to 28 U.S.C. § 2254, challenging his San Diego Superior Court conviction in Case No.
S181754, for driving under the influence of alcohol, a misdemeanor.[1]  He contends his federal
constitutional rights were violated as follows: (1) his Sixth Amendment right to effective assistance of
counsel was violated when his assigned public defender allegedly failed to call a forensic toxicologist to
testify Petitioner's blood alcohol level was within the legal limits at the time he was driving his vehicle;
(2) his Sixth Amendment rights and his Fourteenth Amendment right to due process were denied when
the trial court did not grant him, while he was proceeding in *pro per*, a continuance of the trial date to
allow him to borrow money to hire an attorney of his own choice; and (3) his guilty plea was made under

27
28

---

[1] Petitioner was on probation at the time he filed this petition. It is a statutory jurisdictional
prerequisite that habeas applicants be "in custody" at the time of filing.  *See* 28 U.S.C. § 2254(d).  A
petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation.  *United
States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988).

1  duress because the denial of his request for a continuance forced him to plead guilty instead of

2  proceeding in a trial for which he was not prepared.  (Petition at 6-8.)

3      The Court has considered the Petition, Respondent's Answer, Petitioner's Traverse, and all the

4  supporting documents submitted by the parties.  Based upon the documents and evidence presented in

5  this case, and for the reasons set forth below, the Court recommends the Petition be **DENIED**.

6                              **II. BACKGROUND**

7      This Court gives deference to state court findings of fact and presumes them to be correct;

8  Petitioner may rebut the presumption of correctness, but only be clear and convincing evidence.  28

9  U.S.C.A. § 2254(e)(1); *see also* Parke v. Raley, 506 U.S. 20, 35-36 (1992) (holding findings of historical

10 fact, including inferences properly drawn from such facts, are entitled to statutory presumption of

11 correctness).  The facts as found by the state court are as follows:

12         On December 21, 2003, Mr. MARK DARULIS ("Petitioner") was arrested for
        driving under the influence of alcohol in violation of Vehicle Code sections 23152(a) and (b).
13      A Deputy Public Defender was appointed to represent Petitioner and a motion to suppress
        evidence was filed on Petitioner's behalf.  On March, 12, 2004, [sic] Petitioner's motion to
14      act as co-counsel was denied, his Deputy Public Defender was released, and the trial court
        found Petitioner qualified to represent himself.  Petitioner signed a *Lopez* waiver,[2] but
15      Petitioner wrote the following language on the waiver form: "concerning the motion hearing
        PC 1538.5 only.  Does not include trial."  The previously filed motion to suppress was
16      withdrawn and Petitioner was permitted to file his own motion.  This consisted of the motion
        originally filed by the Deputy Public Defender, and pgs. 13-30, containing Petitioner's
17      supplemental issues.

18         On April 5, 2004, the People's motion to continue the motion to suppress was granted
        over Petitioner's objection.  Petitioner's request for reappointment of a Deputy Public
19      Defender was granted and the suppression motion was reset for April 21, 2004.  Trial was
        also set for that date.

20
21         On April 21, 2004, the case was called for trial and the motion to suppress.  At that
        hearing the Deputy Public Defender indicated she was not pursuing the motion to suppress.
22      Petitioner once again requested to represent himself.  Petitioner thereafter had substantial
        discussions with the Honorable Judge Jeffrey Fraser, wherein Judge [sic] reviewed his
23      discussions regarding the appointment of counsel and counsel's role in deciding which
        motions should be filed.  Judge Fraser further noted it was the date set for trial and that
24      counsel had indicated there was no merit to the motions.  Eventually, Judge Fraser acceded
        to Petitioner's second request to represent himself for purposes of motions and trial.

25         Judge Fraser indicated he would not reappoint a Deputy Public Defender again and
26      if Petitioner was ready to go to trial they would proceed the next morning.  Petitioner asked
        if his motions could be amended into the case, but he did not request a continuance.

27

28      _____

        [2] *See* People v. Lopez, 71 Cal.App.3d 568 (Cal. Ct. App. 1977) (suggesting specific advisements
        and guidelines for trial judges to consider when a defendant asserts the right of self-representation)

On April 22, 2004, Petitioner's motion to dismiss was denied and trial was continued to April, 23, 2004 [sic].  On April 23, 2004, the case was reset for April 26, 2004, and assigned to Department-14, where it was to trail a case currently in that department.

On April 28, 2004, Petitioner's motion to suppress was heard by the Honorable Judge Esteban Hernandez and denied.  Judge Hernandez determined that Petitioner's motion to dismiss had previously been heard on April 22nd, and refused to reconsider it.  Petitioner's oral speedy trial motion was also denied.

After Judge Hernandez denied Petitioner's motion to suppress, Petitioner indicated he was not going to represent himself for trial, and that he was not prepared.  Judge Hernandez took a brief recess and consulted with Judge Fraser.  Judge Hernandez thereafter denied Petitioner's motion for a continuance and indicated his intent to proceed with trial.  At that point Petitioner asserted a peremptory challenge, which was also denied.  Petitioner stated he could not proceed and again requested that he be permitted to obtain a lawyer.  Judge Hernandez reminded Petitioner that he had requested to represent himself, and told him his alternatives were to plead guilty or proceed with a jury or court trial.

Judge Hernandez proceeded with *in limine* motions.  During those proceedings Petitioner asked if he could plead guilty and reserve the right to vacate his plea.  Petitioner was told he could not.  The jury was then summoned.

On April 29, 2004, Petitioner changed his plea.  He received probation for a term of 5 years, a fine of $1650, and other standard terms and conditions consistent with the offense of driving under the influence.

On October, 29, 2004 [sic], Petitioner filed his "Application for Change of Plea P.C. 1018 or Petitioner for Writ of Error Habeas Corpus - Coram Nobis."  The basis for the motion was twofold: 1) Petitioner never signed a *Lopez* waiver as to a jury trial and that forcing him to go to trial without an attorney rendered his plea involuntary, 2) Judge Hernandez failed to give any reason for the denial of Petitioner's peremptory challenge, and that since the challenge should have been granted, Judge Hernandez' acceptance of Petitioner's plea was void.

On November 22, 2004,[3] the Honorable Judge Yvonne Campos denied Petitioner's motion.  Judge Campos found that Petitioner had knowingly and voluntarily waived his rights to counsel.  Judge Campos also found that Petitioner's peremptory challenge of Judge Hernandez was untimely since it was brought after the case had been assigned to Judge Hernandez and after he'd ruled on the motion to suppress.

On December 17, 2004, Petitioner appealed the denial of his motion to withdraw his guilty plea to the Appellate Division of the San Diego Superior Court; appellate case no. CA 188694.  The appeal asserted: 1) that the court failed to provide adequate advice to Petitioner when he elected self-representation, and that Petitioner did not knowingly and intelligently waive his right to counsel, 2) that Judge Hernandez abused his discretion in denying Petitioner's request for a continuance, and as a result Petitioner was denied his 6th Amendment right to effective assistance of counsel, 3) that Petitioner's peremptory challenge was erroneously denied and the guilty plea entered by Petitioner is therefore void.

The appeal was denied and the judgment affirmed in an order filed August 19, 2005.  Petitioner's "Petition of Rehearing" was denied by the Appellate Division in an order filed on October 5, 2005.  Petitioner attempted to transfer his appeal to the Court of Appeal, ///

[3] The order incorrectly lists the date as November 22, 2003.

1   Fourth District, Division One.  The Court of appeal [sic] denied that petition in an order filed
    on October 4, 2005; case no. D047205.
2   (Lodgment No. 11.)

3       On November 8, 2005, Petitioner filed a state petition for writ of habeas corpus in the San Diego

4   Superior Court, alleging the following claims: (1) he was he was denied his right to a speedy trial; (2) he

5   was denied his Sixth Amendment right to effective assistance of counsel; (3) he was denied due process

6   when his request for a continuance was denied and when the trial court did not file a "*Faretta*" waiver;

7   (4) his guilty plea was made under duress; and (5) the trial court did not verbally advise him of his rights

8   when he entered his guilty plea.  (Lodgment No. 10.)  The Superior Court denied the petition on

9   December 7, 2005, finding the claims were procedurally defaulted because Petitioner was not entitled to

10  renew arguments that were considered and rejected on appeal, or as part of his prior petition for writ of

11  error coram nobis.  (Lodgment No. 11.)

12      On January 6, 2006, Petitioner filed a second state habeas petition raising the same claims in the

13  California Court of Appeal, Fourth Appellate District, Division One.  (Lodgment No. 12.)  The state

14  appellate court denied the petition on March 6, 2006, holding that Petitioner failed to either raise these

15  issues in a timely appeal or demonstrate special circumstances excusing his failure to raise these issues

16  in a timely appeal.  (Lodgment No. 13 at 1-2.)

17      Petitioner filed a third state habeas petition, raising the same claims, in the California Supreme

18  Court on April 6, 2006.  (Lodgment No. 14.)  The California Supreme Court summarily denied the

19  petition on April 26, 2006.  (Lodgment No. 15.)

20      Petitioner filed the instant Petition on May 26, 2006.  [Doc. No. 1.]  Respondent answered on

21  August 17, 2006.  [Doc. No. 6.]  Petitioner filed a traverse on September 19, 2006.[4]  [Doc. No. 11.]

22                                  **III. DISCUSSION**

23      Petitioner contends his federal constitutional rights were violated as follows: (1) his Sixth

24  Amendment right to effective assistance of counsel was violated when his assigned public defender

25  allegedly failed to call a forensic toxicologist to testify Petitioner's blood alcohol level was within the

26  legal limits at the time he was driving his vehicle; (2) his Sixth Amendment rights and his Fourteenth

27

28      [4] Although lodgments in support of the Answer were submitted on August 17, 2006, a complete
    copy of Petitioner's plea agreement was not lodged until February 25, 2008.  [*See* Doc. No. 12.]

                                        4                                    06cv1139

1   Amendment right to due process were denied when the trial court did not grant him, while he was

2   proceeding in *pro per*, a continuance of the trial date to allow him to borrow money to hire an attorney of

3   his own choice; and (3) his guilty plea was made under duress because the denial of his request for a

4   continuance forced him to plead guilty instead of proceeding in a trial for which he was not prepared.

5   (Petition at 6-8.)

6          Respondent argues Petitioner's first two claims should be denied because Petitioner's guilty plea

7   in state court bars him from challenging any issues that may have occurred prior to his plea.  (Answer at

8   2.)  Respondent argues Petitioner's third claim should be denied on the merits because Petitioner has

9   failed to show his guilty plea was not knowing, intelligent, and voluntary.  (Answer at 15.)

10         **A.     Standard of Review**

11         Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal

12   habeas corpus claims:

13                 The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
                   entertain an application for a writ of habeas corpus in behalf of a person in custody
14                 pursuant to the judgment of a State court only on the ground that he is in custody in
                   violation of the Constitution or laws or treaties of the United States.
15

16   28 U.S.C.A. § 2254(a) (emphasis added).

17         The current Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996

18   ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).   As amended, 28 U.S.C. § 2254(d) reads:

19                 (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to
                   the judgment of a State court shall not be granted with respect to any claim that was
20                 adjudicated on the merits in State court proceedings unless the adjudication of the claim –

21                        (1) resulted in a decision that was contrary to, or involved an unreasonable
                          application of, clearly established Federal law, as determined by the Supreme
22                        Court of the United States; or

23                        (2) resulted in a decision that was based on an unreasonable determination of
                          the facts in light of the evidence presented in the State court proceeding.
24

25   28 U.S.C.A. § 2254(d)(1)-(2) (emphasis added).

26         To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2).  *See*

27   *Williams v. Taylor*, 529 U.S. 362, 403 (2000).   The Supreme Court interprets § 2254(d)(1) as follows:

28                 Under the "contrary to" clause, a federal habeas court may grant the writ if the state court
                   arrives at a conclusion opposite to that reached by this Court on a question of law or if the

1
2
3

state court decides a case differently than this Court has on a set of materially indistinguish-
able facts.  Under the "unreasonable application" clause, a federal habeas court may grant
the writ if the state court identifies the correct governing legal principle from this Court's
decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

4       Where there is no reasoned decision from the state's highest court, the Court "looks through" to

5   the underlying appellate court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).  If the

6   dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must

7   conduct an independent review of the record to determine whether the state court's decision is contrary

8   to, or an unreasonable application of, clearly established Supreme Court law.  *See Delgado v. Lewis*, 223

9   F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes*

10   *v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  However, a state court need not cite Supreme Court

11   precedent when resolving a habeas corpus claim.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[S]o long as

12   neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent],"

13   *id.*, the state court decision will not be "contrary to" clearly established federal law.  *Id.*

14       **B.      Claims One and Two**

15       Petitioner claims that prior to his guilty plea, he was denied effective assistance of counsel under

16   the Sixth Amendment when his assigned public defender allegedly failed to call as a witness a forensic

17   toxicologist to testify his blood alcohol level was within legal limits at the time he was driving his

18   vehicle.  Petitioner also claims his Sixth Amendment rights and his Fourteenth Amendment right to due

19   process were denied when the trial court did not grant him, while he was proceeding in *pro per*, a

20   continuance of the trial date to allow him to borrow money to hire an attorney of his own choice.

21       The only challenges available in federal habeas corpus after a guilty plea are to the voluntary and

22   intelligent character of the plea and the nature of the advice of counsel to plead.  *See Hill v. Lockhart*,

23   474 U.S. 52, 56-57 (1985).  "Once the defendant chooses to bypass the orderly procedure for litigating

24   his constitutional claims in order to take the benefits, if any, of a plea of guilty, the State acquires a

25   legitimate expectation of finality in the conviction thereby obtained."  *Lefkowitz v. Newsome*, 420 U.S.

26   283, 289 (1975).  As a result, a defendant who pleads guilty cannot later raise in habeas corpus

27   proceedings any other independent claims relating to the deprivation of constitutional rights that

28   occurred before the plea of guilty.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea

6

1  forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258,

2  266-67 (1973) (same); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994) (refusing to consider

3  contention that a petitioner's attorneys were ineffective because they failed to attempt to prevent the use

4  of his confession as pre-plea constitutional violation); *see also Hudson v. Moran*, 760 F.2d 1027, 1030

5  (9th Cir. 1985) (finding no constitutional violation where defendant was not informed that guilty plea

6  would foreclose subsequent habeas relief).

7        Here, Petitioner's first two claims do not address either the voluntary and intelligent nature of the

8  plea or the nature of the advice of counsel to plead.  Accordingly, this Court recommends Petitioner's

9  claims of pre-plea constitutional violations be **DENIED**.

10       **C.    Claim Three**

11       Petitioner claims his guilty plea was made under duress and thus cannot be considered voluntary.

12  Specifically, he claims the trial court's refusal to grant him a continuance forced him to plead guilty

13  because he was not prepared to go to trial.

14       Due process requires that a guilty plea be both knowing and voluntary.  *See Boykin v. Alabama*,

15  395 U.S. 238, 242-43 (1969).  A habeas petitioner bears the burden of establishing that his guilty plea

16  was not knowing and voluntary.  *Parke*, 506 U.S. at 31-34.  The test for determining the validity of a

17  guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative

18  courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  A plea is

19  "involuntary" if it is the result of threats, improper promises, or other forms of wrongful coercion.

20  *Brady v. United States*, 397 U.S. 742, 750 (1970).  The court should not accord much weight to a

21  petitioner's *post hoc* reevaluation of the wisdom of his plea bargain.  *Bradshaw v. Stumpf*, 545 U.S. 175,

22  186 (2005).

23       Here, Petitioner alleges his plea was involuntary because he was coerced into pleading guilty by

24  the trial court's denial of his motion for a continuance.  Specifically, Petitioner claims the trial court's

25  denial of his motion for a continuance forced him to plead guilty, rather than go to trial unprepared and

26  likely receive a more severe sentence.  (Petition at 8.)   However, these facts do not demonstrate

27  coercion, but are instead indicative of an intelligent choice among the alternative courses of action open

28  to Petitioner at the time.  *See Martinez v. Mancusi*, 409 U.S. 959, 962 (1972) (Marshall, J., with

1  Douglas, J., dissenting) (stating "it is in the nature of the plea bargaining process that some pressure is

2  brought to bear on the defendant to enter a plea.").

3      Petitioner was charged with driving his motorcycle under the influence of alcohol.  The factual

4  basis to support the crime included his blood alcohol level, which was .08% at the time.  (Lodgment No.

5  16 at 2.)

6      As described above, on April 21, 2004, when the trial court granted Petitioner's second motion to

7  represent himself, it informed him that a Deputy Public Defender would not be re-appointed and that the

8  trial would proceed the following morning.  (Lodgment No. 11 at 2.)  Petitioner did not request a

9  continuance.  On April 28, 2004, after the trial court denied Petitioner's suppression motion, Petitioner

10 claimed he was not going to represent himself at trial and was not prepared.  (*Id*. at 3.)  The trial court

11 reminded Petitioner he had requested to represent himself, and told him his alternatives were to plead

12 guilty or proceed with a jury or court trial.  (*Id*.)  The trial court subsequently proceeded with *in limine*

13 motions and the jury was summoned.  (*Id*.)  Petitioner changed his plea the following day, and received

14 probation for a term of five years, a fine of $1650, and other standard terms and conditions consistent

15 with the offense of driving under the influence.  (*Id*.)  Petitioner's plea form specifically stated he

16 entered the plea "freely and voluntarily."  (Lodgment No. 8 at 1.)

17     Based on these facts, it was reasonable to conclude the plea was a voluntary and intelligent

18 choice among the alternatives available to Petitioner.  Petitioner was faced with the choice between

19 going to trial when he felt unprepared, and there was strong evidence against him, or pleading guilty in

20 the hope of receiving a reduced sentence.  Nothing in these facts indicates the plea was the result of any

21 threats, improper promises, or any other type of coercion.  Indeed, this is likely the type of dilemma

22 many criminal defendants face.

23     Finally, Petitioner argues his original plea of not guilty, combined with the timeline regarding his

24 case, demonstrates he did not really believe he was guilty.[5]  (Traverse at 5-6.)  However, the test for

25

26     [5] He also claims that on his plea form, he only wrote "I drove my motorcycle after drinking beer,"
   and the trial judge added "and had 0.08 percent blood alcohol at the time."  (Traverse at 6.)  However,
27 assuming *arguendo* it was the trial judge who wrote that phrase and not Petitioner, it does not change the
   fact Petitioner admitted the truth of that statement by initialing it and signing his name on the form under
28 penalty of perjury.  (*See* Lodgment No. 16 at 2.)  The fact Petitioner may not have personally written the
   phrase is irrelevant.

1  determining the validity of a plea is not whether a defendant subjectively believed he was innocent, but

2  "whether the plea represents a voluntary and intelligent choice among the alternative courses of action

3  open to the defendant."[6]  *Alford*, 400 U.S. at 31.  Thus, even if Petitioner had believed he was innocent

4  of the charges at the time of the plea, the plea was still constitutionally valid because the state court

5  could reasonably conclude Petitioner knowingly and intelligently chose to plead guilty in order to avoid

6  the risk of greater punishment after a trial.

7         In sum, Petitioner has failed to establish his guilty plea to driving under the influence was not

8  knowing and voluntary.  Accordingly, this Court recommends this claim be **DENIED**.

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  

25  

26  [6] Although nothing in the record indicates Petitioner maintained his innocence at the time of the
plea, a guilty plea may still be valid even though the defendant maintains his innocence at the time of the

27  plea.  *Alford*, 400 U.S. at 37 (holding a trial court may accept a guilty plea from a defendant who
maintains his innocence of the crime charged where the court finds there is a strong factual basis to

28  support the crime charged and the plea of guilty is the result of an intelligent conclusion that the
defendant's interests require entry of the guilty plea).

06cv1139

### IV.  CONCLUSION

The Court submits this Report and Recommendation to United States District Judge M. James Lorenz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.  For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition.

**IT IS ORDERED** that no later than **April 3, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **10 days after being served with the objections**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.


DATED:  February 29, 2008


_____

**CATHY ANN BENCIVENGO**
United States Magistrate Judge

06cv1139