1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   MARK DARULIS,                    )    Civil No. 06cv1139-L(CAB)
                                      )
12                    Petitioner,     )
                                      )    **ORDER ADOPTING IN PART AND**
13   v.                               )    **REMANDING IN PART THE**
                                      )    **REPORT AND**
14   VINCENT J. IARIA,                )    **RECOMMENDATION**
                                      )
15                    Respondent.     )
                                      )
16   ─────────────────────────────    )

17         Petitioner Mark Darulis, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus

18   pursuant to 28 U.S.C. § 2254 ("Petition").  The case was referred to United States Magistrate

19   Judge Cathy Ann Bencivengo for a report and recommendation pursuant to 28 U.S.C.

20   § 636(b)(1)(B) and Civil Local Rule 72.1(d).  Respondent filed a response and Petitioner filed a

21   traverse.  The Magistrate Judge issued a Report and Recommendation, recommending to deny

22   the Petition.  Petitioner timely objected.  Respondent did not respond.  For the reasons which

23   follow, the Report and Recommendation is **ADOPTED IN PART AND REMANDED IN**

24   **PART**.

25         Petitioner pled guilty to driving under the influence.  He claims ineffective assistance of

26   counsel in violation of the Sixth Amendment and violation of his due process rights in that his

27   guilty plea was not knowing and voluntary.  The Magistrate Judge recommended denying all of

28   Petitioner's claims.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

The Magistrate Judge recommended to deny Petitioner's claims of ineffective assistance which allegedly took place before his guilty plea. (Report and Recommendation ("R&R") at 6-7.) "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . .." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds in *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). Petitioner does not object to the recommendation to deny the ineffective assistance claims.

However, Petitioner objects to the Magistrate Judge's recommendation to deny his claim that his guilty plea was not voluntary. First, Petitioner claims he pleaded guilty under duress of having imminently to represent himself at trial.

Initially, a public defender was appointed to represent Petitioner. However, when he was not satisfied with his counsel's motion to suppress, Petitioner moved to act as co-counsel. This motion was denied, the public defender was released, and Petitioner was found competent to represent himself. Petitioner signed a waiver under *People v. Lopez*, 71 Cal. App. 3d 568 (1977), but interlineated "concerning the motion hearing PC 1538.5 only. Does not include

1   trial." Petitioner then withdrew the public defender's motion and filed his own motion to

2   suppress.

3       On April 5, 2004, Petitioner's motion for reappointment of counsel was granted, and the

4   motion to suppress hearing and trial were set for April 21, 2004.

5       At the April 21 hearing, the new public defender indicated he would not pursue the

6   motion to suppress.  Petitioner then requested to represent himself.  After a long discussion with

7   Petitioner, the judge acceded to Petitioner's request to represent himself for purposes of the

8   motion and trial.  The judge told Petitioner that he would not appoint counsel for him for the

9   third time, and told Petitioner that trial would begin next morning.  Petitioner did not request a

10  continuance.

11      The next day, Petitioner's motion to dismiss was denied and the trial was continued to

12  April 23, 2004.  On April 23, the case was reset for April 26 and assigned to a new judge where

13  it was to trail another case.

14      Petitioner's case came on for hearing on April 28, 2004.  The new judge heard and denied

15  Petitioner's motion to suppress.  After a hearing on additional motions, Petitioner told the new

16  judge that he was representing himself and was not ready for trial.  Petitioner's motion for a

17  continuance was denied.  After Petitioner's peremptory challenge was denied, he requested a

18  continuance to allow him to obtain counsel.  The judge reminded Petitioner that he had requested

19  to represent himself, and presented him with the choice of proceeding with a jury or court trial,

20  or pleading guilty.  During motions in limine, Petitioner asked if he could plead guilty and

21  reserve the right to vacate the plea, but was told that he could not.  The jury was then summoned.

22      On April 29, 2004, Petitioner decided to plead guilty.  He was sentenced to 5 years of

23  probation and a fine.  Petitioner's subsequent post-conviction motions and petitions to change or

24  set aside his plea were denied.  (For the foregoing procedural background, see Lodgment No.

25  11.)

26      In his Objections, Petitioner first argues that the trial judge violated California law when

27  he denied his motion for a continuance on April 28, 2004.  He claims that under *People v.*

28  *Maddox*, 67 Cal.2d 647, 653 (1967), he had a right to at least five days to prepare for trial.

Federal courts reviewing a state habeas corpus petition are not permitted and lack jurisdiction under 28 U.S.C. § 2254 to review state court application of state law.[1] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). Accordingly, this court is without jurisdiction to review Petitioner's claims of state law violations.

Petitioner next argues that his guilty plea was not voluntary because just signing the plea form was not sufficient to establish his voluntariness. Petitioner relies on *United States v. Medina-Silverio*, 30 F.3d 1 (1st Cir. 1994) and *McCarthy v. United States*, 394 U.S. 459, 467 (1969). Both cases rely on Rule 11 of the Federal Rules of Criminal Procedure and are therefore not applicable to this proceeding.

Nevertheless, Petitioner contends that the trial court failed to conduct a colloquy to ensure a voluntary and knowing plea. (Objections at 3.) The acceptance of a plea of guilty must be based on a reliable determination on the voluntariness issue which satisfies the defendant's constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought." *Id*. at 243-44. The voluntariness of the plea cannot be inferred from an inadequate record; instead, due process requires an affirmative showing in the record to support that determination. *Id*. at 242. The Report and Recommendation points solely to Petitioner's change of plea form and does not mention a colloquy or discuss its absence. (*See* R&R at 8.)

In addition, Petitioner contends that the trial judge inserted the level of intoxication into the plea form after Petitioner had already signed and initialed it. Petitioner suggests that the factual basis he signed and initialed was insufficient to support a guilty plea. The Report and Recommendation is apparently based on the assumption that the alteration was made before Petitioner singed and initialed the form. (*See id*. at 8 n.5.)

---

[1] Moreover, Petitioner was scheduled to represent himself at trial in April 22, 2004. Due to continuances and trailing, his trial did not commence until April 28. Petitioner therefore had full five days to prepare for trial.

06cv1139

Accordingly, the Report and Recommendation is **ADOPTED** with respect to Claims 1 and 2 for ineffective assistance of counsel.  The Report and Recommendation is **REMANDED** with respect to Claim 3 that Petitioner's guilty plea was not knowing and voluntary.  On remand, the court shall consider and, if necessary, develop the record regarding Petitioner's guilty plea and consider whether the alleged alteration of Petitioner's change of plea form necessitates an evidentiary hearing.

**IT IS SO ORDERED**.

DATED:  August 26, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

06cv1139