UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>                    Petitioner,<br><br>        v.<br><br>VINCENT J. IARIA,<br><br>                    Respondent. | Civil No.   06cv1139 L (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING PETITIONER'S OBJECTIONS TO THE ORIGINAL REPORT AND RECOMMENDATION [Doc. No. 14.]** |

## I. INTRODUCTION

On August 27, 2008, this Court ordered Respondent to respond to the arguments raised by Petitioner in his objections to the February 29, 2008 Report and Recommendation. Respondent filed its supplemental brief on September 12, 2008. [Doc. No. 17.] Having reviewed the additional pleadings, and the balance of the record, this Court recommends again that the Petition be **DENIED** with prejudice. Furthermore, this Court recommends the Honorable M. James Lorenz consider issuing an order to show cause why sanctions should not be imposed against Petitioner, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## II. BACKGROUND

Petitioner Mark Darulis, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition raised the following grounds for relief: (1) his Sixth Amendment right to effective assistance of counsel was violated when his assigned public defender allegedly failed to call a forensic toxicologist to testify Petitioner's blood alcohol level was within the legal limits at the time he

was driving his vehicle; (2) his Sixth Amendment rights and his Fourteenth Amendment right to due process were denied when the trial court did not grant him, while he was proceeding in *pro per*, a continuance of the trial date to allow him to borrow money to hire an attorney of his own choice; and (3) his guilty plea was made under duress because the denial of his request for a continuance forced him to plead guilty instead of proceeding in a trial for which he was not prepared.  Respondent answered, [Doc. No. 7], and Petitioner filed a traverse, [Doc. No. 11].

On February 29, 2008, this Court issued a Report and Recommendation, in which it recommended the Petition be denied in its entirety. [Doc. No. 13.]  On April 2, 2008, Petitioner objected to the Report and Recommendation. [Doc. No. 14.]  In his objections, Petitioner argued for the first time that the trial court never conducted a colloquy regarding his guilty plea. (Objections at 3.)  Petitioner also suggested the trial court improperly altered his plea form by adding facts after Petitioner had already signed and initialed the form. (Objections at 4.)  Respondent did not reply to Petitioner's objections.  On August 26, 2008, the Honorable M. James Lorenz issued an order adopting the Report and Recommendation as to Grounds One and Two, and remanding with respect to Ground Three, the allegation that Petitioner's guilty plea was not knowing and voluntary. [Doc. No. 15 at 5.]  On August 27, 2008, this Court ordered Respondent to file a supplemental brief addressing the issues raised by Petitioner in his objections. [Doc. No. 16.]

### III.  DISCUSSION

Petitioner asserted in his objections that the trial court failed to conduct a colloquy to ensure a voluntary and knowing plea. (Objections at 3.)  Petitioner also claimed the trial judge improperly altered the statement of fact on his plea form after the form had already been signed and initialed by Petitioner. (Objections at 4.)

**A.    Colloquy**

Due process requires that a guilty plea be both knowing and voluntary.  *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  A habeas petitioner bears the burden of

///

establishing that his guilty plea was not knowing and voluntary. *Parke* v. Raley, 506 U.S. 20, 31-34 (1992).

In his objections, Petitioner argued he was deprived of his right to a colloquy before his guilty plea was accepted. "[W]hen the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed." *United States v. Dominguez Benitez*, 542 U.S. 74, 84 n.10 (2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Petitioner stated "[t]he record is void of any verbal interrogation the state court judge conducted with the petitioner and *petitioner states the judge never interrogated him.*" (Objections at 3; emphasis added.)

Petitioner's factual assertion is belied by the audiotape of his plea hearing.[1] On the audiotape, the trial court asked Petitioner if he had reviewed and understood his change of plea form in Case No. S181754. Petitioner responded in the affirmative and acknowledged he wished to plead guilty to a violation of California Vehicle Code § 23152(b). The trial court asked Petitioner if he understood he had a right to an attorney and that he had given up that right. Petitioner answered in the affirmative. The trial court asked Petitioner whether he understood he had a right to a speedy public jury trial, the right to confront and cross-examine witnesses, the right to remain silent, and the right to have witnesses subpoenaed and have them compelled to testify on his behalf. The trial court then asked Petitioner if he understood he would be giving up those constitutional rights by pleading guilty. Petitioner replied, "[y]es, your honor." The trial court notified Petitioner he had the right to present evidence on his own behalf, and that he would be giving up that right as well. Petitioner responded in the affirmative. The trial court notified Petitioner of the maximum possible penalty, and confirmed that the only promise he was given in exchange for his plea was that he would be sentenced to court. Petitioner responded in the affirmative. The trial court asked Petitioner whether he admitted he drove his motorcycle after drinking beer and had a 0.08 percent blood alcohol level at the time. Petitioner responded in the affirmative. Finally, the trial court asked Petitioner how he wished to plead, and Petitioner responded "guilty." The trial court then stated it found a factual basis for the plea and that the defendant had made a knowing,

///

---

[1] The audiotape is labeled as Lodgment No. 17.

intelligent, and voluntary waiver of his constitutional rights, and accordingly accepted and entered the plea.

In sum, the audiotape directly contradicts Petitioner's claim that he was never interrogated by the trial court before entering his plea.  Indeed, the audiotape demonstrates Petitioner was provided with a thorough colloquy as to whether Petitioner knew and understood the rights he was waiving.  Accordingly, this Court recommends Petitioner's claim be **DENIED**.

**B.     Plea Form**

Petitioner claims the trial judge altered his plea form by adding the phrase "and had 0.08 percent blood alcohol at the time," after Petitioner had already completed, signed, and initialed the form. (Objections at 4.)  Petitioner contends this "questionable legal act by the trial court," (Objections at 4), changed Petitioner's statement of fact, "I drove my motorcycle after drinking beer," (Lodgment No. 16), into a criminal act and deprived Petitioner of "procedural fairness," (Objections at 4).

Petitioner's claim is again belied by the audiotape of his plea hearing.  Petitioner originally wrote on his plea form, "I drove my motorcycle after drinking beer." (Lodgment No. 16.)  The People noted that Petitioner was pleading guilty to count (b), which was not the impairment count, but rather the count of having 0.08 percent or higher blood alcohol level.  The trial court acknowledged Petitioner was pleading to the count of having 0.08 or higher blood alcohol level, and asked Petitioner if he still wished to plead guilty.  Petitioner responded in the affirmative.  The trial court then stated it was going to amend the plea form to indicate "and had 0.08 percent blood alcohol at the time."  The trial court asked Petitioner if the factual basis of his crime was that he admitted he drove his motorcycle after drinking beer and had 0.08 percent blood alcohol level at the time.  Petitioner again replied in the affirmative.

Contemporaneous on-the-record statements are accorded substantial weight in assessing the voluntariness of pleas. *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *see also Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986).  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted).  The record here clearly demonstrates

///

the trial court's actions were not improper, and that Petitioner was aware of and consented to the changes to his plea form. The factual basis which Petitioner acknowledged in open court, and as indicated on his plea form, was sufficient to support his guilty plea. Accordingly, this Court recommends Petitioner's claim be **DENIED**.

### C. Evidentiary Hearing

Petitioner requests an evidentiary hearing on the claims raised in his objections. For the reasons discussed above, Petitioner's objections to the Report and Recommendation are meritless and do not alter this Court's previous conclusion that his petition for a writ of habeas corpus should be denied with prejudice. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007). Accordingly, this Court recommends Petitioner's request for an evidentiary hearing be **DENIED**.

### D. Rule 11 Sanctions

In his objections to this Court's Report and Recommendation, Petitioner claimed for the first time that he was never interrogated by the trial court concerning his guilty plea. (Objections at 3.) His claim was entirely based on his factual assertion that "[t]he record is void of any verbal interrogation the state court judge conducted with the petitioner and *petitioner states the judge never interrogated him.*" (Objections at 3; emphasis added.) The audiotape from the hearing proves otherwise.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). When a party presents to the court a pleading, written motion, or other paper, he certifies, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that to the best of his knowledge the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). A court may impose sanctions under Rule 11 when a party makes a false representation to the court through a pleading, written motion, or other paper. Fed. R. Civ. P. 11(c)(1). A court in the Southern District of California may also impose sanctions pursuant to Civil Local Rule 83.1, for failure to comply with the Federal Rules of Civil Procedure.

The Fifth Circuit has specifically held that Rule 11 sanctions may be imposed on *pro se* habeas petitioners. *Anderson v. Butler*, 886 F.2d 111, 114 (5th Cir. 1989); *cf. United States v. Quin*, 836 F.2d

654, 656-57 (1st Cir. 1987) (upholding sanctions imposed against a petitioner's attorney when the petition was no more than a transparent attempt to thwart deportation proceedings and contained no meritorious arguments). Although sanctions should only be imposed in the rarest of circumstances and a petitioner's *pro se* status taken into account, the relevant inquiry is "whether the contention is utterly frivolous and whether it is asserted with no good faith belief in its validity." *Id*.

Here, the issue is not whether Petitioner put forth a frivolous *legal* argument or filed successive motions that were deemed frivolous. Rather, the issue is with Petitioner's patently false *factual* assertions that form the basis of his objections to the Report and Recommendation. Petitioner had the opportunity to fully litigate his case before this Court through his Petition and Traverse. After receiving this Court's Report and Recommendation, which recommended the Petition be denied, Petitioner changed his strategy and presented a different theory of the case to the Honorable M. James Lorenz. Petitioner, who had originally claimed his guilty plea was not knowing and voluntary because it was made under duress due to the trial court's denial of his motion for a continuance, now contended his guilty plea was invalid because the trial court allegedly never conducted a verbal interrogation to ensure his plea was knowing and voluntary.[2]

As discussed at length above, the trial court conducted a thorough interrogatory of Petitioner prior to accepting his guilty plea. Petitioner was present during the colloquy and responded directly to the trial court's questions. Thus, Petitioner's claim that a colloquy was not conducted can only be viewed as a blatant attempt to mislead the Court in the hopes of staving off the dismissal of his Petition. Such behavior cannot be condoned or tolerated, whether the individual in question is an experienced attorney or a *pro se* petitioner.

Finally, it should be noted that while a person sentenced to probation is deemed "in custody" for purposes of federal habeas jurisdiction, *United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), "the historical role of the writ of habeas corpus [is] as an effective and imperative remedy for detentions contrary to fundamental law," *Fay v. Noia*, 372 U.S. 391, 438 (1963), abrogated

---

[2] Petitioner also claimed the trial judge improperly added factual statements to his plea form after it had already been signed by Petitioner. (Objections at 4.) While this contention is also contradicted by the audiotape of the hearing, it is distinguishable from his claim that he was not provided a colloquy because it is framed as a legal question concerning the legality of the trial court's actions, rather than a false assertion of fact regarding the lack of a colloquy.

on other grounds by *Coleman v. Thompson*, 501 U.S. 722, 751 (1991). Petitioner Mark Darulis, unlike the majority of habeas petitioners, is not incarcerated. Petitioner decided to challenge his DUI conviction not because it resulted in his confinement by the state, but because it has hindered his ability to obtain insurance as a commercial driver. (Traverse at 8); *Cf. Quin*, 836 F.2d at 657 (noting the use of sanctions would be less likely to chill the use of the Great Writ when the habeas proceeding involved a judgment's effect on a purely collateral matter of a civil nature, such as a deportation proceeding, rather than custody). Thus, although the instant action was brought under § 2254, it is directed at the collateral consequences of his guilty plea rather than confinement by the state, which is the traditional role of habeas corpus.

In sum, given Petitioner's factual misrepresentations to the Court and the nature of his habeas proceeding, it is recommended the Honorable M. James Lorenz consider issuing an order to show cause why sanctions should not be imposed against Petitioner. Should the Honorable M. James Lorenz determine sanctions are warranted, this Court recommends Respondent's costs in responding to Petitioner's objections, not to exceed $100.00, would be an appropriate sanction.

### IV.  CONCLUSION

The Court submits this Report and Recommendation to United States District Judge M. James Lorenz under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered **DENYING** the Petition. This Court further recommends the Honorable M. James Lorenz consider issuing an order to show cause why sanctions should not be imposed against Petitioner, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that no later than **October 16, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **10 days after being served with the objections**. The parties are

1  advised that failure to file objections within the specified time may waive the right to raise those
2  objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);
3  *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
4      **IT IS SO ORDERED**.

6  DATED: September 16, 2008

                      **CATHY ANN BENCIVENGO**
                      United States Magistrate Judge