UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS, ) | Civil No. 06cv1139-L(CAB) |
| Petitioner, ) | |
| ) | **ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING PETITION WITH PREJUDICE** |
| v. ) | |
| VINCENT J. IARIA, ) | |
| Respondent. ) | |
| ) | |

Petitioner Mark Darulis, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The case was referred to United States Magistrate Judge Cathy Ann Bencivengo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). Respondent filed a response and Petitioner filed a traverse. The Magistrate Judge initially issued a Report and Recommendation recommending to deny the Petition. Upon consideration of Petitioner's objections, the court adopted the Report and Recommendation in part and remanded it to develop the record regarding one of Petitioner's theories of his due process claim. Having developed and considered the record, the Magistrate Judge recommended denying the Petition and imposing sanctions on Petitioner pursuant to Federal Rule of Civil Procedure 11(b)(3) for factual misrepresentations to the court. Petitioner timely objected. Respondent did not respond. For the reasons which follow, the Report and Recommendation is **ADOPTED IN PART**. The Petition is **DISMISSED WITH PREJUDICE**.

Petitioner pled guilty to driving under the influence. In his Petition, he alleged ineffective assistance of counsel in violation of the Sixth Amendment and violation of his due process rights in that his guilty plea was not knowing and voluntary. Initially, the Magistrate Judge recommended denying all of Petitioner's claims. This court adopted the Report and Recommendation with respect to the ineffective assistance claims and certain aspects of the due process claim, but remanded with respect to Petitioner's argument, raised for the first time in his objections, that the trial court failed to conduct a colloquy to ensure a voluntary and knowing plea and that the trial court altered the plea form after Petitioner had signed it. (*See* Objections filed Apr. 2, 2008 at 3-4.) Upon obtaining the audio tape of the change of plea hearing, the Magistrate Judge recommended denying this claim and imposing Rule 11 sanctions because Petitioner's representations to the court about the plea hearing and alteration of the plea form are negated by the audio tape of the hearing.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

First, Petitioner objects by stating that he "stands by" his due process claim that the trial judge abused discretion when he denied his request for a continuance of trial. (*See* Objections at 1-2.) This claim was addressed in the initial Report and Recommendation and denied by this court on August 26, 2008. Accordingly, the time to move for reconsideration has long passed. Even if Petitioner had timely moved to reconsider this issue, upon review of his arguments, the court finds they would not warrant reconsideration.

Second, Petitioner asserts his due process rights were violated because the trial judge "never interrogated him about his plea." (Objections at 2.) However, rather than basing his

argument on the prior theory that no colloquy took place, Petitioner has changed it to argue that the colloquy was insufficient. (*See* Objections at 2-5 ("There is nothing in the transcript that the court interrogated petitioner of [*sic*] the 'consequences of his plea;" "The Court Gave Petitioner False Information Concerning His Sentence;" and "The Courts [*sic*] Recitation Of Constitutional Rights Is A Sham").)

This is the second time in this proceeding that Petitioner has changed the legal theory of this due process claim. In the Petition and Traverse, Petitioner's theory was that his guilty plea was coerced because the trial judge denied his request for a continuance of trial. In his April 2, 2008 objections to the recommendation to deny this claim, Petitioner argued that his plea was involuntary because "the judge never interrogated him" and altered the plea form without Petitioner's consent ( *see* Objections filed Apr. 2, 2008 at 3, 4-5). Because of the seriousness of the allegations and lack of record on point, this court remanded the case for development of the record.

The audio tape of the change of plea hearing contradicted in all respects Petitioner's representations regarding what transpired. The trial court conducted a thorough colloquy and informed Petitioner of all the constitutional rights he would be waiving by his guilty plea. (Lodgment no. 17, lodged Nov. 12, 2008 (certified copy of the audio recording of proceedings in San Diego County Superior Court case no. S181754, People v. Darulis, on Apr. 28, 2004).) Furthermore, the audio tape shows that Petitioner consented to the judge's amendment of the plea form to conform it to Petitioner's oral statement of the factual basis for the plea. (*Id.*) Petitioner's assertion in his Objections that he did not mean what he said at the hearing is unavailing.

Upon being confronted with this record and the Magistrate Judge's renewed recommendation to deny the Petition, Petitioner again changed the theory of his claim. His latest argument is that the colloquy was insufficient. This argument is rejected for several reasons. First, it was not presented to the state court so as to comply with the exhaustion requirements of 28 U.S.C. §2254(b)(1)(A). The argument presented to the state court was that the trial judge did not conduct a colloquy. (*See* Lodgment no. 10; Ground 5.) Second, Petitioner did not include

this theory of the claim in the Petition and therefore failed to properly raise it before this court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).  Petitioner remained silent about this theory in his Traverse and the April 2, 2008 objections to the initial Report and Recommendation.  He raised it only when presented with an unfavorable record.  Third, upon review of the audio tape recording of the change of plea hearing, the court finds the colloquy complies with the federal constitutional requirements.  *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969).

Last, Petitioner objects to the Magistrate Judge's recommendation to impose sanctions pursuant to Federal Rule of Civil Procedure 11(b)(3) for making false factual representations to the court.  He claims that he "stands by every word he has written to [*sic*] an event that happened years ago and petitioner only had his memory for details."  (Objections at 6.)

Rule 11of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 11") applies Federal Rules of Civil Procedure to habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules."  The Ninth Circuit has not determined whether Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") is applicable.  However, the issue was considered by two other circuits, which concluded that Rule 11 was applicable in habeas proceedings at least under some circumstances.  *See Anderson v. Butler*, 886 F.2d 111, 114 (5th Cir. 1989); *United States v. Quin*, 836 F.2d 654, 656-57 (1st Cir. 1987).  Petitioner was not incarcerated for his crime and the purpose of his petition is to avoid or ameliorate the judgment's effect on a collateral matter of a civil nature – his ability to obtain insurance as commercial driver.  (*See* Traverse at 8).  In this regard, Petitioner's case is similar to *Quin*, where the First Circuit found Rule 11 applicable due to analogous circumstances.  Accordingly, the application of Rule 11 in this case would not be inconsistent with the habeas statute or the rules governing habeas corpus proceedings.

Petitioner's *pro se* status does not mitigate his exposure to sanctions for violations of his duty regarding representations to the court.  Rule 11, by express terms, applies to parties like Petitioner who are proceeding *pro se*.  Fed. R. Civ. P 11(b) ("an attorney or unrepresented party").  Furthermore, these court's civil local rules expressly apply to unrepresented litigants,

and subject them to sanctions for violations of procedural rules.  Civ. Loc. R. 83.11(a).  A litigant's *pro se* status without more is not a legally sufficient reason to decline imposition of sanctions.  *Warren v. Guelker*, 29 F.3d 1386 (9th Cir. 1994).

Rule 11(a) mandates that every pleading be signed by the attorney or "by a party personally if the party is unrepresented."  By filing a pleading with the court, the attorney or unrepresented party

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ..

Fed. R. Civ. P. 11(b).  The audiotape of the plea hearing contradicts the representation in Petitioner's April 2, 2008 objections that the colloquy did not take place and the suggestion that the trial judge altered the plea form without consent.  Upon review of the record, it is plain that Petitioner's representations were false in more than mere "details" (*cf.* Objections at 6), and that Petitioner did not perform any type of investigation commensurate with the seriousness of the representations.  Petitioner's representations were material and alleged grave constitutional deficiencies.  They necessitated a new round of briefing and court review.  Petitioner's suggestion that the misrepresentations were the product of his faulty memory and not bad faith are irrelevant.  *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994); *Zuniga v. United Can Co.*, 812 F.2d 443, 452 (9th Cir. 1987) (litigants can not "avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head").  Petitioner violated Rule 11(b)(3) and his objections present no reason to reject the Magistrate Judge's recommendation.

Typically, Rule 11 sanctions are imposed upon an adversary's motion.  Although the court has authority to impose them *sua sponte*, there are procedural limitations to the court's exercise of the power.  *See* Fed. R. Civ. P. 11(c) & Advisory Comm. Notes, 1993 Amendments; *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001); *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).  One of the limitations is that ordering payment to the adversary of part or all of reasonable attorney's fees is not authorized *sua sponte*.  *Barber*, 146 F.3d at 711; *see* Fed. R. Civ. P. 11(c)(4).  Another limitation is that sanctions may ordinarily be

imposed *sua sponte* "only in situations that are akin to a contempt of court."  Fed. R. Civ. P. 11(c) Advisory Comm. Notes, 1993 Amendments; *United Nat. Ins. Co.*, 242 F.3d at 1116. Contempt of court, other than obstruction of judicial proceedings in the open court, typically involves a knowing violation of a court order.  *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 832-33 (1994).  Although Petitioner's conduct was not of the nature of a violation of a court order, and therefore can not be punished *sua sponte* under Rule 11, the court does not condone it.  Petitioner made material misrepresentations to the court and caused his adversary and the court to needlessly expend time and effort, which could have been devoted to other cases.

For the foregoing reasons, the Report and Recommendation is adopted in all respects except the imposition of Rule 11 sanctions.  The Petition is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED:  December 1, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL