UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS, | Civil No. 06cv1139-L(CAB) |
| Petitioner, | |
| v. | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| VINCENT J. IARIA, | |
| Respondent. | |

Petitioner Mark Darulis, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The case was referred to United States Magistrate Judge Cathy Ann Bencivengo for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(d). The court adopted the Magistrate Judge's Report and Recommendation to deny the Petition, and Petitioner filed a notice of appeal. Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability ("COA") is **DENIED**.

Title 28 U.S.C. § 2253 governs the appealability of habeas corpus petitions. It provides in pertinent part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . .

/ / / / /

Although Petitioner filed a Notice of Appeal, he has not filed a request for a certificate of appealability. Nevertheless, "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. Proc. 22(b)(1).

"A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "The COA determination under §2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 1983), citing *Barefoot v. Estelle*, 463 U.S. at 880, 893 n.4 (1983)). Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337-38, quoting *Barefoot*, 463 U.S. at 893).

Petitioner pled guilty to driving under the influence. In his Petition, he alleged ineffective assistance of counsel in violation of the Sixth Amendment and violation of Due Process in that his guilty plea was not knowing and voluntary. The ineffective assistance claim was denied because a guilty plea precludes the claim. (*See* Order Adopting in Part and Remanding in Part the Report and Recommendation, filed Aug. 26, 2008, at 2, citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994), overruled on other grounds in *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).) Petitioner's Due Process claim was based largely on Petitioner's assertion that the trial court failed to conduct a colloquy to ensure a voluntary and knowing plea, which was negated by the record of the change of plea hearing.

(*See* Order Adopting in Part Report and Recommendation and Denying Petition with Prejudice, filed December 1, 2008, at 2-3.)

Based on the foregoing, Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The court therefore declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

DATED: February 19, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL